## McCALDIN v. THE EDGEWATER.

### ELLIS et al. v. THE McCALDIN BROS.

(District Court, E. D. New York. January 15, 1895.)

COLLISION—STEAMERS—NEGLIGENCE—STARBOARD-HAND RULE.

As a tug moved from her pier to cross the river, two tows were passing, one up, the other down. Having stopped and waited for these to pass, she, without giving any warning signal, rang her jingle to go ahead at full speed, as soon as there was space between the tows, and was immediately placed where collision with a steamer, coming down stream at full speed just outside the upgoing tow, was inevitable. The steamer carried a mast more than 50 feet high, which, with proper care, could have been seen over the tow. *Held*, that the collision was caused solely by the fault of the tug, though it would not have happened had the steamer been keeping the middle of the stream, as required by statute; and that the starboard-hand rule did not apply, the unwarranted action of the tug having made it impossible for the steamer to avoid her.

Libels, one by James McCaldin against the steam lighter Edgewater, the other by George A. Ellis and others against the steamtug McCaldin Bros.

Goodrich, Deady & Goodrich, for the McCaldin Bros.

Wing, Shoudy & Putnam, for the Edgewater.

BENEDICT, District Judge. In my opinion, the collision in question was caused solely by the fault of the tug McCaldin Bros. When she moved out of pier 4, East river, to cross to Brooklyn, two tows were passing outside of her, one bound up and the other down the river. The libel of the McCaldin states: That she stopped and waited for these tows to pass, the westward-bound tow passing first, and the eastward-bound tow afterwards. That as soon as there came a space between the two tows, the McCaldin rang a jingle to go ahead at full speed. This carried the McCaldin under the stern of the east-bound tow, within 30 feet thereof, and at full speed. At this time the steam lighter Edgewater was proceeding at full speed down the river, just outside of the up-bound tow. She was not seen by the McCaldin until the McCaldin passed by the stern of the east-bound tow, and was then within 30 or 40 feet, so that it was impossible for either vessel to avoid collision. It was broad daylight. The Edgewater carried a mast more than 50 feet high, and with proper care could have been seen over the east-bound tow. It was fault in the McCaldin not to have seen the lighter sooner. If she had done so, she would not have rung her jingle when she did. By her jingle she changed from a drifting vessel to one going at full speed, and she did this without any signal, and it carried her at full speed across the bows of the Edgewater, and so near that the collision was imminent as soon as the jingle rang. The starboard-hand rule does not apply in such a case, when, by the unwarranted action of the tug, it was rendered impossible for the Edgewater to avoid her. The Edgewater was not keeping the middle of the river, as required by statute, but that in no way tended to produce the collision. Of

course, there would have been no collision with the Edgewater if the Edgewater had not been where she was; but the position of the Edgewater did not cause the McCaldin to ring her jingle, nor prevent the Edgewater from being seen by the McCaldin if a proper lookout had been kept. There must be a decree for the libellant in the action of .Ellis v. The McCaldin Bros., with an order of reference to ascertain the damages, and the libel of McCaldin must be dismissed, with costs.